Ruth **SLANINA**, Mabel C. Clark, and Charlotte Joel, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

**WILLIAM PENN PARKING CORPORATION, INC. and Alco Parking Corporation, Defendants.**

Civ. A. No. 82–1941.

United States District Court, W.D. Pennsylvania.

May 17, 1984.

perform essentially the same duties as "attendants", that of the approximately two hundred forty-five "attendants", all but four are male.

Plaintiffs further claim that the "attendants" receive higher pay than "cashiers" and that their requests for equal pay and/or the same job classification (without loss of seniority) have not been satisfied. The Plaintiffs note, however, that Defendants have offered to *permit* "cashiers" to *apply* for "attendant" positions. This offer, Plaintiffs claim, would not guarantee the "cashiers" in their desired change in .status, and in any event, this would result in loss of seniority benefits since the Defendants are unwilling to safeguard Plaintiffs' seniority.

Plaintiffs define their class as "all females who, based on grounds of sex, have been, are now, and in the future may continue to be, discriminated against in the payment of wages and terms and conditions of employment for William Penn Parking Corporation, Inc. and Alco Parking Corporation."

\*　　\*　　\*　　\*　　\*　　\*

In support of their Motion for Class Certification, the Plaintiffs set forth the four requirements for a class action pursuant to FED.R.CIV.P. 23, and implicitly concede that the requirement of "numerosity" poses the most difficulty in this case.

In response, Defendants deny that any of the requirements for class certification have been met in the instant case, particularly numerosity.

In support of their Motion to Dismiss, Defendants urge, as they did in their first motion for the same relief, that because the local rules were not complied with regarding the timing of the motion for class certification, "dismissal as a class action must result."

In response, although the Plaintiffs do not expressly admit that they have failed to comply with the local rule concerning the timing of applications for class certification, they urge that their motion was made

Peter J. King, Pittsburgh, Pa., for plaintiffs.

John M. Kish, Kenneth J. Yarsky, II, William E. Teamann, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

MANSMANN, District Judge.

This matter comes before this Court on Defendants' second Motion to Dismiss Action as a Class Action and on Plaintiffs' Motion for Class Certification. For the reasons set forth below, Defendants' motion is denied, and Plaintiffs' motion is granted to the extent indicated below.

## BACKGROUND

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. 2000e, *et seq.* wherein Plaintiffs allege sexual discrimination by their employers, the Defendants.

The Plaintiffs' Complaint seeks damages, *i.e.,* back pay and injunctive relief, *i.e.,* "and end to Defendants' discriminatory conduct."

The Plaintiffs in this action are current and former female employees of Defendants who occupy or have occupied positions as "cashiers" at Defendants' parking lots. Currently, there are approximately twenty-five "cashiers" employed by Defendants, all of whom are female. Plaintiffs allege that "cashiers" at Defendants' parking lots

"as soon as practicable," in conformity with FED.R.CIV.P. 23.

\* \* \* \* \* \*

Thus, the issues this Court must resolve are: (1) whether strict compliance with the local rules concerning the timing of a motion for class certification is mandated here; and if not, (2) whether Plaintiffs have met the requirements for class certification, particularly with respect to numerosity.

## DISCUSSION

By Order dated February 23, 1983, this Court denied Defendants' first Motion to Dismiss this action as a class action. Although Plaintiffs had not complied with Local Rule 34(c), this Court, in its discretion, excused Plaintiffs' noncompliance and permitted a motion for certification to be made.

Presently, a Motion to Dismiss based on noncompliance with this local rule is again before this Court.

Local Rule 34(c) provides that the Plaintiffs in a proposed class action must apply for class certification within ninety days after the filing of the complaint. However, FED.R.CIV.P. 23(c)(1) provides in pertinent part, "as soon as practicable after the commencement of an action brought as a class action, the Court shall determine by order whether it is to be so maintained."

■ As noted in the aforementioned Order of this Court, noncompliance with the local rules may be excused by the court in its discretion. Moreover, when there is a "conflict" between local rules and the Federal Rules of Civil Procedure, the latter will prevail. Moreover, failure to comply with the local rule time limits is not necessarily fatal to a class certification. *Pabon v. McIntosh*, 546 F.Supp. 1328 (E.D.Pa.1982).

■ Therefore, this Court finds strict adherence to Local Rule 34(c) unnecessary here and will now determine if Plaintiffs' motion was made "as soon as practicable." In this connection, Plaintiffs claim that because certain employees who would comprise the prospective class feared reprisals, it took some time to find a current employee who would represent the class as a named plaintiff. Plaintiffs further assert that the delay was also caused by Plaintiffs' counsel's caution in locating proper representatives of the prospective class so as not to mislead the Court.

This Court finds Plaintiffs' arguments compelling and Defendants' unpersuasive. Accordingly, Defendants' Motion to Dismiss this action as a class action is denied. This Court will now consider whether this action should be certified as a class action.

\* \* \* \* \* \*

FED.R.CIV.P. 23(a) sets forth the prerequisites to a class action,[1] all of which must be resolved in favor of those seeking certification of the class before the district court reaches its determination under FED. R.CIV.P. 23(b) of whether a class action is maintainable.[2] This discussion will therefore follow the framework of Rule 23.

---

1. FED.R.CIV.P. 23(a) provides as follows:

 One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

2. FED.R.CIV.P. 23(b) provides as follows:

 An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

 (1) the prosecution of separate actions by or against individual members of the class would create a risk of

 (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

 (B) adjudications with respect to individual members of the class which would as a practical matter be depositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

 (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate

■ The four prerequisites set forth in FED.R.CIV.P. 23(a) are mandatory and must be satisfied before class certification can be granted. *See e.g. Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

Unquestionably, numerosity is the most difficult issue before this Court for resolution. Numerosity is satisfied if "the class is so numerous that joinder of all members is impracticable."

Of the members of the prospective class, which Plaintiffs seek to have comprised of former, present and future female "cashiers" employed by Defendants, Plaintiffs claim that there are twenty-five individuals who are presently so employed. Therefore, the question becomes, can the numerosity mandate be satisfied in a Title VII action alleging employment discrimination when the class consists of *at least* twenty-five members?

■ Even in an employment discrimination suit, which " 'is particularly fit for class action treatment' ", the numerosity requirement must still be satisfied. *Gurmankin v. Costanzo,* 626 F.2d 1132, 1135 (3d Cir.1980), quoting *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239 (3d Cir. 1975), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

■ However, in a suit such as the instant one, the concept of numerosity has some flexibility. As the *Gurmankin* Court stated, "the numerosity requirement must be evaluated in the context of the particular setting, and ... it may pose less of an obstacle when there has been classwide discrimination and the representative party seeks only prospective remedial relief

than when the suit is for damages under Rule 23(b)(3)." *Id.* at 1135. This determination is within the district court's discretion. *Id.*

Moreover, because a Title VII action is "essentially equitable in nature, it cannot be characterized as one seeking exclusively or predominately money damages." *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 251 (3d Cir.1975) (footnote omitted), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Thus, in the instant action, although Plaintiffs are seeking back pay in addition to injunctive relief, the action would be considered primarily equitable in nature.

■ Further, "[t]he numerosity test is one of practicability of joinder. Impracticability is a subjective determination." *Pabon v. McIntosh,* 546 F.Supp. 1328, 1333 (E.D.Pa.1982).

"Impracticability" is not equivalent to "impossibility." *Samuel v. University of Pittsburgh,* 56 F.R.D. 435, 439 (W.D.Pa. 1972). In fact, it is the practicalities of the situation which are determinative in the numerosity evaluation, rather than strictly the number of prospective class members. *Id.*

■ In the instant matter, the proposed class is at least twenty-five members, which in and of itself, would probably not render joinder impracticable. However, there are other facts for this Court to consider in its numerosity evaluation. This is a Title VII employment discrimination suit wherein Plaintiffs have indicated fears of reprisal and retaliation from the Defendants should the Plaintiffs be forced to pursue this matter individually. Plaintiffs have further asserted that they would feel

final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.

their participation in this action would be protected by certification of the class, but if joinder instead were required, "most, if not all, of the current employees will be hesitant to join." In support of this, Plaintiffs have asserted specific and general instances where they claim that the Defendants have harassed named Plaintiffs.

This Court finds Plaintiffs' arguments regarding numerosity to be persuasive. Further, given the more flexible standard for numerosity applicable in employment discrimination cases, which are "particularly fit for class action treatment," the equitable nature of the relief sought, and this "particular setting", this Court, in its discretion, finds that the numerosity requirement is satisfied here.

The second prerequisite, commonality of law or fact, is clearly resolvable in Plaintiffs' favor. Indeed, all prospective class members are female employees of Defendants who are claiming that they have been or are being discriminated against. Although Defendants contest any commonality, their argument, which is totally unsubstantiated, has no merit. Therefore, this Court finds that "there are questions of law or fact" common to the proposed class and that this prerequisite is also satisfied.

Similarly, the third prerequisite, *i.e.*, "the claims or defenses of the representative parties are typical of the claims and defenses of the class", is easily met and resolved in Plaintiffs' favor. Again Defendants dispute this, but do so without substantiating their argument. The Plaintiffs proposed to represent the instant class are one present and two former female "cashiers" who are clearly appropriate representatives. Therefore, this Court finds this prerequisite is met here.

Likewise, Plaintiffs have shown that "the representative parties will fairly and adequately protect the interests of the class" and consequently have shown the fourth prerequisite to be in their favor. Plaintiffs have demonstrated that considerable care has gone into the selection of the named Plaintiffs and that each of them is concerned with the welfare of the class and not simply her own interests. It is to be noted that Defendants do not even address or dispute this point.

Since this Court has found that all four prerequisites to a class action have been satisfied here, it is now necessary to determine if a class action can be maintained under FED.R.CIV.P. 23(b).

* * * * * *

In connection whether the class action is maintainable under FED.R.CIV.P. 23(b), Plaintiffs urge that this class action would be maintainable under any of several subsections of the rule. Specifically, Plaintiffs assert that subsections 23(b)(1)(A), 23(b)(1)(B) and 23(b)(3) are applicable here, any one of which would satisfy the statutory requirements and would make it maintainable as a class action.

Clearly, if this matter were to proceed individually, there would be "a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Having found subsection 23(b)(1)(A) to be applicable to the instant matter, this Court will not determine if this action would be maintainable as a class action under other subsections of Rule 23(b).

For the reasons articulated above, this Court finds that Plaintiffs have met the requirements for a class action set forth in FED.R.CIV.P. 23(a) and (b). However, this Court takes exception to one aspect of the proposed class of plaintiffs.

Specifically, the inclusion of future female employees in the instant class would not be warranted. Obviously, future employees would not be in a position to receive damages if the Plaintiffs were to prevail with their back pay claims. However, any injunctive relief granted to the former and present employees would also inure to the benefit of future employees, even if not included in the proposed class. Further, if Defendants were to prevail, future employees would have a judgment against them. Therefore, since future fe-

male "cashiers" would receive no greater relief by inclusion in the class, but rather potential adverse consequences, "policy dictates their exclusion so that they may avoid the risk of a judgment in this action which foreclose their right to challenge Defendant's employment practice in the future." *Moore v. Western Pennsylvania Water Co.*, 73 F.R.D. 450, 453 (W.D.Pa.1977).

Accordingly, this Court grants Plaintiffs' request for class certification to the extent that the class is compromised of former and present female "cashiers" at Defendants' parking lots and to the exclusion of future employees so described.

Therefore, based on the foregoing, this Court certifies this action as a class action, insofar as it includes present and former female "cashiers" employed at Defendants' parking lots and denies Defendants' motion to dismiss this matter as class action.

An appropriate Order shall issue.