Theodore M. FRAZIER, Jr.

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY.

Theodore M. FRAZIER, et al.

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY.

Civ. A. Nos. 84–2950, 84–3004.

United States District Court,
E.D. Pennsylvania.

Dec. 7, 1988.

Theodore Q. Thompson, Ambler, Pa., Michael Churchill and Lisa M. Rau, Public Interest Law Center of Phila., Philadelphia, Pa., for plaintiffs.

Saul Krenzel, Claire Neiger, James F. Kilcur, Margery Sickles Preddy, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

JAMES McGIRR KELLY. District Judge.

Presently before the court are plaintiffs' renewed motion for class certification, defendant's response thereto, and plaintiffs' reply; plaintiffs' motion for leave to amend plaintiffs' complaints and plaintiffs' proposed amendments and defendant's response thereto; and a joint motion for extension of discovery.

## BACKGROUND

This action was brought pursuant to 42 U.S.C. §§ 1981 and 1983 claiming racial discrimination in discharges and discipline, racial harassment, sexual discrimination and sexual harassment. On June 19, 1986 this court entered an order consolidating Civil Action No. 84-3004, a class action against SEPTA alleging race and sex discrimination in employment and Civil Action No. 84-2950, an individual action by Theodore M. Frazier, Jr. against SEPTA alleging race discrimination in employment. Plaintiffs argue that SEPTA engaged in a pattern and practice of discrimination against the following three classes:

1. All black persons represented by TWU Local 234 and employed by SEPTA in its Operations Department who were discharged from employment during any period from June 20, 1978 to the present.[1]

2. All black persons represented by TWU Local 234 and employed by SEPTA in the Rail Equipment Department (RED) during any period from June 20, 1978 to the present. [The "RED Class"].

3. All black women represented by TWU Local 234 and employed by SEPTA in the Rail Equipment Department during any period from June 20, 1978 to the present. [The class of black women in RED].

Plaintiffs specifically argue that members of the RED class were subjected to racial harassment and the class of black women in RED were subjected to sex discrimination and sexual harassment in addition to race discrimination and racial harassment. Plaintiffs also seek to amend the third amended complaint filed before this court on January 14, 1985. Plaintiffs set forth four proposed amendments to the amended complaint. Those amendments relate to (1) eliminating ambiguous allegations in individual plaintiff Frazier's Title VII claim specifically regarding his allegations of racial harassment; (2) including class allegations in individual plaintiff Frazier's Title VII claim; (3) narrowing the section 1981 and section 1983 class complaint; and (4) setting forth more specific section 1981 and 1983 claims of racial harassment.

## RULE 23 MOTION

Rule 23 provides, in relevant part:

**(a) Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In order to achieve class certification, plaintiffs must prove numerosity, commonality, typicality, and adequate representation. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 246 (3d Cir.1975).

Class actions are appropriate only if "the class is so numerous that joinder of all class members is impracticable." Fed.R. Civ.P. 23(a)(1). No magic number exists in order satisfy the numerosity requirement. *Snider v. Upjohn Co.*, 115 F.R.D. 536, 539 (E.D.Pa.1987). The requirements of Rule 23 are broadly viewed in cases involving race and sex discrimination. *Green v. USX*

---

**1.** According to plaintiffs, SEPTA's Operations Department includes the following departments: Transportation, Rail Equipment, Facilities, Automotive Equipment Maintenance, Suburban Transit, Rapid High Speed Line and Industrial Relations. Plaintiffs' Memorandum in Support of Renewed Motion for Class Certification at 2.

*Corp.*, 843 F.2d 1511, 1534 (3d Cir.1988); *Hackett v. McGuire Bros., Inc.*, 445 F.2d 442, 446–47 (3d Cir.1971); *Black Grievance Committee v. Philadelphia Electric Co.*, 79 F.R.D. 98, 106 (E.D.Pa.1978). Moreover, in employment discrimination suits, the concept of numerosity has some flexibility. *Slanina v. William Penn Parking Corp., Inc.*, 106 F.R.D. 419, 423 (W.D.Pa. 1984). With these requirements in mind, I turn to plaintiffs' proposed classes.[2]

█ Although plaintiffs concede in their reply memorandum for class certification that the numerosity requirement is the most difficult element to establish for the class of black women employed in RED, I will certify this class because of the presence of factors such as the fear of retaliation against individual plaintiffs and the underlying liberal application of the numerosity requirement in a race and sex discrimination suit. *Green*, 843 F.2d at 1534; *Slanina*, 106 F.R.D. at 423.

Plaintiffs in this case have alleged statistical evidence of discharge and evidence of individual incidents of sexual harassment and discrimination involving black female SEPTA employees occurring at different RED locations. Plaintiffs seek to certify the class of sixty-six black women who were employed by RED between the years 1980 to 1985. Given the specific facts of this case, I will grant class certification of the class of black women employed in this department.

With respect to the two other classes of employees plaintiffs seek to certify, for the foregoing reasons, I will also grant certification. In both classes plaintiffs have identified a sufficiently numerous group to satisfy the requirement.

Without inquiring into the actual merits of the case, plaintiffs have demonstrated sufficient facts to satisfy Rule 23(a) requirements of commonality and typicality for all three classes. *Harrison v. Simon*, 91 F.R.D. 423, 429 (E.D.Pa.1981).

The fourth requirement I will address is whether the plaintiffs will fairly and adequately protect the interests of the class. Adequate representation is based on two factors: "(a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to the class." *Wetzel*, 508 F.2d at 247. I do not find that any interests of the plaintiffs is antagonistic to the class and plaintiffs' counsel meet the requirements of Rule 23(a).

Plaintiffs must additionally meet the requirements of Rule 23(b)(2) in order to maintain this class action. Plaintiffs' allegations of race and sex discrimination and harassment are applicable to the classes of SEPTA employees involved in this case such that the injunctive relief sought by plaintiff is applicable to the respective classes as a whole. *Black Grievance Committee*, 79 F.R.D. at 111. For the foregoing reasons, I find the certification of the three classes proposed by plaintiffs is proper and grant plaintiffs' motion for class certification.

### RULE 15(a) MOTION

Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires" limited only by "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Because the Third Circuit has liberally allowed amendments to pleadings, I will permit plaintiffs a fourth opportunity to amend their complaint. *Coventry v. U.S. Steel Corp.*, 856 F.2d 514 (3d Cir.1988) (age discrimination in employment); *Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425–26 (3d Cir.1981), *cert.*

2. Plaintiffs seek to certify the proposed classes pursuant to the additional requirement provided in Rule 23(b)(2) which states in relevant part: [T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole....

*denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982).

Defendant argues that plaintiffs are barred from amending the complaint because the Third Circuit affirmed the dismissal of two counts found in plaintiffs' previous complaints. The Third Circuit affirmed the dismissal of those counts alleged at paragraphs 18(a) and (c) of plaintiffs' complaints because "these counts allege the conduct complained of only in the broadest terms, and do not state when or where this conduct occurred." *Frazier v. SEPTA,* 785 F.2d 65, 68 (3d Cir.1986). The defendant's quotation of the relevant portions of plaintiffs' proposed amended complaint fails to include those portions of the counts which cure the previous lack of specificity. *See* Plaintiffs' Proposed Amended Complaint at ¶¶ 18(b)(ii) and (iii). These counts relate back to claims made at the outset of this litigation and defendant has been fully aware of the class-based nature of plaintiffs' claims during discovery. *See* Plaintiffs' Reply re Class Certification and affidavits attached thereto; Memorandum Opinion and Order dated June 23, 1987. For the foregoing reasons, plaintiffs' motion for leave to amend the complaints is granted.

## MOTION FOR EXTENSION OF DISCOVERY

Plaintiffs and defendant have filed a fifth joint motion for extension of discovery in these two consolidated cases. The original complaints in Civil Action Nos. 84–2950 and 84–3004 were filed on June 18, 1984 and on June 20, 1984 respectively. This court has already rescheduled discovery deadlines in this matter seven times. Because the parties have had more than ample opportunity and time to complete discovery in this case, the joint motion for discovery must be denied.

## ORDER

AND NOW, this 7th day of December, 1988, in consideration of plaintiffs' renewed motion for class certification, defendant's response thereto and plaintiffs' reply; plaintiffs' motion for leave to amend plaintiffs' complaints and plaintiffs' proposed amendments and defendants' response thereto; and the joint motion for extension of discovery, for the reasons set forth in the foregoing memorandum, it is ORDERED that:

1. Plaintiffs' renewed motion for class certification is GRANTED with respect to the following three classes:

(a) all black persons represented by TWU Local 234 and employed by SEPTA in its Operations Department who were discharged from employment during the period from June 20, 1978 to the present.

(b) all black persons represented by TWU Local 234 and employed by SEPTA in the Rail Equipment Department during the period from June 20, 1978 to the present;

(c) all black women represented by TWU Local 234 and employed by SEPTA in the Rail Equipment Department during any time from June 20, 1978 to the present.

2. Plaintiffs' motion for leave to amend plaintiffs' complaints is GRANTED.

3. Plaintiffs' and defendant's joint motion for extension of discovery is DENIED.