The Honorable Elaine Wells State Representative, Fifty-Ninth District State Capitol, Room 182-W Topeka, Kansas 66612
Dear Representative Wells:
As representative of the fifty-ninth district and on behalf of a constituent you inquire whether attorney's fees are recoverable in a class action suit filed by the participating members against a rural water district for charging excessive rates. Your second question is whether the rural water district may retaliate for participating in a petition drive or a class action lawsuit by cutting off the participating members' water.
Given that your question regarding the class action lawsuit deals only with attorneys fees, we will presume that all of the requirements for filing a class action pursuant to K.S.A. 60-223 have been met. SeeSimmons v. City of Kansas City, Kan., 129 F.R.D. 178, 179 (1989) (for a discussion on "numerosity, commonality, typicality and adequacy of represention").
Generally, unless authorized by statute, a court may not award attorneys fees to the prevailing party. See Alyeska Pipeline Serv. v.Wilderness Soc., 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (for a discussion of the American no fee rule from its inception in 1796). There are, however, two major exceptions to this no fee rule: one involving a party who has acted in bad faith and the other involving a benefit such as a common fund created by counsel for the benefit of third parties. Newberg on Class Actions, 3rd ed. (1993) sec. 14.01. The courts generally use their equitable powers to award fees under the bad faith, common fund or common benefits exceptions to the no fee rule. Id.; Jones, D. Lawyers' Ready Reference to Class Actions (1972).
Attorney's fees are recoverable under these exceptions only if the class action is successful. See generally Newberg supra at sec. 14.01. Thus, the obligations of class members to class counsel for reimbursement of attorneys fees and expenses if the class is unsuccessful is thus beyond the scope of this opinion. We note, however, that the class members and their counsel are not entitled to charge absent class members for reimbursement of attorneys fees or litigation expenses if the class suit is unsuccessful. Newberg, supra. Further, a court's attorneys fee award based on bad faith is strictly a question of fact in each particular case and thus cannot be answered within the scope of this opinion.
Your question can however be answered in the context of the second exception to the no-fee rule. The creation of a common fund provides monies that are to be shared by the parties and nonparties to the suit. (A class action by definition involves a few members of the class who represent many members of the class all with a common complaint.) However, allowing nonparties to the suit to benefit from the recovery of a fund for the benefit of all in the class is inherently unfair because the nonparties would benefit without contributing to the costs of the litigation. In the interest of equity and based on this principle of unjust enrichment, the courts have allowed counsel, who created a class benefit or recovery, to be reimbursed from this fund for his reasonable litigation expenses, including reasonable attorneys fees. Id. at Newberg.; see Annot., 38 A.L.R. 3d sec. 1386 (1971) (attorney's fees in class actions); 59 Am.Jur.2d Parties sec. 391 (1987). By assessing the fees against the whole fund, the court spreads the fees for the litigation proportionately among all the class members who are benefiting, be they parties or nonparties. The court controls the fund's distribution by requiring counsel to petition the court for reasonable fees under the circumstances, rather than allowing counsel to bill the class directly. Newburg, supra. Reasonable attorneys fees are usually based on a fair percentage of the common fund, since the fund is the measure of success in a class action. Newburg, supra at sec. 14.03 seegenerally Grunin v. International House of Pancakes, 513 F.2d 114, 127
(8th Cir. 1975), cert. denied 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d sec. 93 (1975) (for a discussion on the typical factors considered in setting attorney's fees); 59 Am.Jur.2d Parties sec. 91 (1987) (for cases discussing how reasonable attorney's fees are calculated in common fund cases).
Your second question involves retaliation. You inquire whether a rural water district may terminate water service to a patron in retaliation for filing a class action lawsuit. In the absence of nonpayment of charges, a municipality or quasi-municipality, such as a rural water district, cannot arbitrarily cut off the water supply to any consumer, regardless of whether he is party to a lawsuit against the quasi-municipality. See
K.S.A. 12-631k; see 78 Am.Jur.2d Waterworks and Water Companies sec. 49 (1975); 64 Am.Jur.2d Public Utilities sec. 62 (1972).
If a sole source of water service, the termination of water services may subject the district to an action for declaratory and injunctive relief and damages under the civil rights statute, 42 U.S.C. § 1983.Stanford v. Gas Service Company 346 F. Supp. 717 (D.C. Kan., 1972). Water service when provided by a sole source becomes a constitutionally protected entitlement and must be accompanied by due process procedures before terminated. Donnelly v. City of Eureka, Kansas, 399 F. Supp. 64,67 (1975). In our judgment arbitrary and unreasonable termination or threatened termination of an exclusive source of water without due process and in retaliation for the filing of a class action lawsuit may subject the district to a class action lawsuit based on a violation of the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.Uhl v. Ness City, Kansas, 406 F. Supp. 1012 (1975).
Additionally, the termination of water service by a water district in retaliation for filing a lawsuit alleging excessive rates may subject the water district to an action for damages. See generally Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988; Blum v. Stenson, 465, U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). See Annot. 75 A.L.R. 4th sec. 13 (for analogous cases discussing an employers liability for retaliation against an at-will employee for public complaints relating to health or safety); 40 Annot. A.L.R. 3d sec. 753 (for analogous cases dealing with retaliatory eviction of tenant for reporting landlord's violation of the law). The question about excessive rates is one of public policy because the district may not exact whatever rate it chooses. Shawnee Hills Mobile Homes, Inc. v. Rural Water District,217 Kan. 421, 428 (1975). A rural water district's rates must be reasonable in that rates must not be excessive or confiscatory. Id., at 429, citing Holton Creamery Co. v. Brown, 137 Kan. 418, 419 (1933).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm