Thomas SANFT and Edward Luppen, on their own behalf, and as representatives of a class of all other persons similarly situated, Plaintiffs,

v.

WINNEBAGO INDUSTRIES, INC.; Winnebago Industries, Inc. Deferred Compensation Plan; Winnebago Industries, Inc. Deferred Incentive Formula Bonus Plan; and, Winnebago Industries, Inc. Deferred Compensation Plan and Deferred Bonus Plan Trust, Defendants.

No. C01–3067–MWB.

United States District Court,
N.D. Iowa,
Central Division.

July 28, 2003.

Paul David Burns, Cedar Rapids, IA, William T. McCartan, Bradley & Riley, Cedar Rapids, IA, Kevin C. Papp, Bradley & Riley, Cedar Rapids, IA, for plaintiffs.

Gene R. La Suer, Davis Brown Koehn Shors & Roberts, Des Moines, IA, Deborah M. Tharnish, Davis Brown Koehn Shors & Roberts, Des Moines, IA, for defendants.

**ORDER REGARDING PLAINTIFFS' MOTION FOR AMENDMENT OF ORDER DENYING CLASS CERTIFICATION AND DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF DONALD THOMPSON**

BENNETT, Chief Judge.

## TABLE OF CONTENTS

*I.* *INTRODUCTION AND BACKGROUND* ...................................455

*II.* *LEGAL ANALYSIS* ..................................................456
 *A.* *Motion To Strike Affidavit* ..........................................456
 *B.* *Motion For Amendment Of Order Denying Class Certification* .............459
 *1.* *Reconsideration of class certification decision* .......................459
 *2.* *Alternative requests* ...........................................460

*III.* *CONCLUSION* ....................................................460

### *I. INTRODUCTION AND BACKGROUND*

On August 20, 2001, plaintiff Thomas Sanft, on his own behalf and as representative of a class of persons similarly situated, filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, against his former employer, Winnebago Industries, Inc. ("Winnebago"), Winnebago Industries, Inc. Deferred Compensation Plan ("Deferred Compensation Plan"), Winnebago Industries, Inc. Deferred Incentive Formula Bonus Plan ("Deferred Bonus Plan") and, Winnebago Industries, Inc. Deferred Compensation Plan And Deferred Bonus Plan Trust ("the Trust").

On December 28, 2001, plaintiff Sanft filed an amended complaint in this matter. On January 31, 2003, United States Magistrate Judge Paul A. Zoss granted plaintiff Sanft's motion to amend the complaint for a second time to add Edward Luppen as a named representative plaintiff in this matter. In their Second Amended and Substituted Complaint and Jury Demand, plaintiffs seek relief against defendants for improperly and illegally reducing Sanft's rightful retirement benefits.

Plaintiff Sanft subsequently filed his Motion For Class Certification in which he sought to have the court certify a class under Federal Rule of Civil Procedure 23(b)(2) or, alternatively, under Federal Rule of Civil Procedure 23(b)(1) or 23(b)(3), described as follows:

> All persons who made deferrals into the Winnebago Industries, Inc. Deferred Compensation Plan or the Winnebago Industries, Inc., Deferred Incentive Formula Bonus Plan, who were vested in their right to receive benefits under one or both of these plans at the time Defendants retroactively reduced the benefits of some participants under the Plans, and whose benefits were reduced as a result of actions of the Defendants.

Plaintiff's Mot. For Class Certification at ¶ 3. On May 7, 2003, following oral argument on plaintiff Sanft's Motion for Class Certification, the court concluded, upon considering the totality of the circumstances, that plaintiff Sanft had failed to demonstrate that the proposed class meets the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). The court, therefore denied plaintiff Sanft's Motion for Class Certification.

Plaintiffs filed a Motion for Amendment of Order Denying Class Certification on May 12, 2003. In their motion, plaintiffs request that the court reconsider its decision to deny class certification in this case and grant class certification to the proposed class. In the alternative, plaintiffs request that the court amend the order denying class certification in the following respects: (1) to require that defendant Winnebago provide plaintiffs' counsel with a current list of names and addresses of putative class members; (2) direct plaintiffs to give notice as of a date certain to the absent class members; (3) provide that the denial order shall not be effective until ninety days from the date the court establishes for giving notice to the putative class members, and (4) provide that the deadline for joinder of additional parties be extended to the date that is ninety days from the date the court establishes for the giving of notice to the absent class members. Defendant Winnebago filed a timely resistance to plaintiffs' Motion for Amendment of

Order Denying Class Certification. On July 7, 2003, defendant Winnebago filed a supplemental resistance to plaintiffs' Motion for Amendment of Order Denying Class Certification.

Defendant Winnebago filed its Motion To Strike Affidavit Of Donald Thompson on May 30, 2003. Plaintiffs attached the affidavit of Donald Thompson to their brief in support of their Motion for Amendment of Order Denying Class Certification. Defendant Winnebago seeks to strike Thompson's affidavit on the grounds that it contains only hearsay regarding conversations Thompson had with plan participants and conversations that plaintiff Sanft had with plan participants. Plaintiffs filed a timely resistance to defendant Winnebago's Motion To Strike Affidavit Of Donald Thompson. Defendant Winnebago then filed a reply brief in support of its motion on July 2, 2003.

Before addressing plaintiffs' Motion For Amendment Of Order Denying Class Certification, the court will first take up defendant Winnebago's Motion To Strike Affidavit Of Donald Thompson since the outcome of that motion may have some bearing on plaintiffs' motion.

## II. LEGAL ANALYSIS

### A. Motion To Strike Affidavit

Defendant Winnebago seeks to strike Thompson's affidavit on the grounds that it contains hearsay regarding conversations Thompson had with plan participants and conversations that plaintiff Sanft had with plan participants. Plaintiff Sanft responds that the statements from putative class members constitute "mental impressions" that are an exception to the hearsay rule pursuant to Federal Rule of Evidence 803(3). Plaintiff Sanft further asserts that the entirety of Thompson's affidavit need not be stricken because paragraph seven does not contain hearsay statements but rather a chronology of events.

In his affidavit, Donald G. Thompson, counsel for plaintiff Sanft, avers as follows:

1. I am counsel of record for Plaintiffs Thomas Sanft and Edward Luppen.

2. In November 2001, I met with a Class "C" Participant who was still employed by Winnebago. In May 2002, that Winnebago employee informed me that he had decided against becoming a named plaintiff in this suit because he was still employed by Winnebago. On the same date, this employee informed me that he had been approached by two other Class "C" Participants about joining the suit as named plaintiffs. He said they were both still employed by Winnebago. Neither of these employees contacted me or anyone else at Bradley & Riley P.C. about becoming named plaintiffs.

3. On December 3, 2002, Tom Sanft sent a letter to many Class "C" KEYSOP Participants informing them of the suit and our intent to seek certification of the lawsuit as a class action. In the letter, he asked the recipients to consider joining him as a representative plaintiff.

4. On December 9, 2002, a Class "C" KEYSOP Participant contacted me after receiving Mr. Sanft's letter. He informed me that he was still employed by Winnebago. Eventually he decided not to join the suit as a named plaintiff.

5. On December 12, 2002, another Class "C" KEYSOP Participant who received a letter from Mr. Sanft contacted me about the possibility of joining the suit as a named plaintiff.

6. On January 6, 2003, this Participant called again and said that he was not willing to join the suit as a named plaintiff because of his continued employment at Winnebago.

7. I have reviewed the content of footnote number 4 to Plaintiffs' Memorandum in Support of Motion for Amendment of Order Denying Class Certification. I have personal knowledge of the matter set forth therein and believe the content thereof to be true and correct.

Thompson Aff. at 1–2.

As noted above, plaintiffs contend that the statements contained in Thompson's affidavit are admissible pursuant to Federal Rule of Evidence 803(3), the so-called "state of mind" exception. Defendant Winnebago disputes the applicability of Rule 803(3) on the ground that the statements in question do not have to do either with the putative participants' intent or feelings.

Rule 803(3) excepts from the hearsay rule the following:

> (3) **Then existing mental, emotional, or physical condition.** A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief that prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

Fed.R.Evid. 803(3). Thus, the Eighth Circuit Court of Appeals has explained, " 'A declarant's out-of-court statement of intention is admissible to prove that the declarant subsequently acted in conformity with that intention, if the doing of that act is a disputed material fact.' " *Firemen's Fund Ins. Co. v. Thien,* 8 F.3d 1307, 1312 (8th Cir.1993) (quoting *United States v. Calvert,* 523 F.2d 895, 910 (8th Cir.1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976)). In *United States v. Dolan,* 120 F.3d 856 (8th Cir.1997), a case in which the defendant was prosecuted for aiding and abetting in the concealment of bankruptcy estate property, the Eighth Circuit Court of Appeals held that the trial court had properly admitted pursuant to Rule 803(3) the testimony of the debtor's office manager that the debtor had said he had the defendant "by the balls." *Id.* at 869. The court held that the statement was admissible as showing the debtor's "then existing state of mind indicating a plan, motive, and design concerning his transactions and relationship with [the defendant]." *Id.*

■ However, the statement in *Dolan* should be contrasted with statements the Eighth Circuit Court of Appeals found inadmissible under Rule 803(3) in *Firemen's Fund Ins. Co. v. Thien,* 63 F.3d 754 (8th Cir.1995). In the *Thien* case, which concerned an insurer's or a co-employee's liability for the death of another employee, the proffered hearsay was testimony of witnesses that the decedent had said he had been or

was going to be laid off from his employment. *Id.* at 760. In that case, the court of appeals wrote,

> We find, however, that the statements the Benedicts seek to have admitted are offered to prove the fact remembered or believed, not to show Benedict's state of mind. Excepting one, which we will discuss briefly below, each statement consists of Benedict's stating that he had been or was about to be laid off. These are statements of memory or belief, not of emotion or intent, and the only purpose for which the Benedicts can reasonably be introducing these statements is to prove that Benedict had, in fact, been laid off before the crash, and was therefore not a Mid–Plains employee at the time of the crash. Such statements are not admissible under Rule 803(3), and the district court did not abuse its discretion in excluding the testimony of these witnesses.
>
> The one statement that, from the record before us, appears to be properly admissible under Rule 803(3) is that of Chad Benedict, who had been told by Benedict that he intended to study for his pilot's license and build flying hours during his time off. *See Firemen's Fund,* 8 F.3d at 1313.

*Id.* Thus, as the rule itself states, a hearsay statement concerning what a declarant believes or remembers is not admissible.

■ Here, the only statements in Thompson's affidavit that conceivably fall within the ambit of Rule 803(3) are contained in paragraphs 2 and 6, in which Thompson avers that a "Winnebago employee informed me that he had decided against becoming a named plaintiff in this suit because he was still employed by Winnebago" and that another employee told him "he was not willing to join the suit as a named plaintiff because of his continued employment at Winnebago." Thompson Aff. at ¶ 2 and 6. The court concludes that these are statements of Winnebago employee's present motive and intent to forego becoming a named plaintiff in this case and are admissible under Rule 803(3). *See Callahan v. A.E.V. Inc.,* 182 F.3d 237,

252 (3d Cir.1999) (holding that customers' statements that they no longer came to plaintiffs' business because defendants' stores offered lower prices were admissible as evidence of customers' states of mind, i.e., their reasons for no longer shopping at plaintiffs' stores). Therefore, the court denies defendant Winnebago's motion to strike with respect to these statements.

■ The remaining statements in Thompson's affidavit do not fall within the ambit of Rule 803(3).[1] In the remainder of paragraph 2, Thompson states that: an unnamed Winnebago employee "informed me that he had been approached by two other Class 'C' Participants about joining the suit as named plaintiffs. He said they were both still employed by Winnebago." Thompson Aff. at ¶ 2. The first portion of this statement does not involve the present sense impression of the speaker, but a statement of the speaker's recollection of a past events. Rule 803(3) explicitly excludes from its purview any "statement of memory or belief to prove the fact[s] remembered or believed." Fed. R.Evid. 803(3); *see Thien,* 8 F.3d at 1312. A statement about a past remembrance does not fall within the state of mind exception to the hearsay rule because in the words of Justice Cardozo, "the testimony now questioned face[s] backward and not forward...." *Shepard v. United States,* 290 U.S. 96, 106, 54 S.Ct. 22, 78 L.Ed. 196 (1933). Similarly, the later portion is merely a statement of the speaker's belief about the employment status of two individuals and does not involve the speaker's existing mental, emotional, or physical condition. Therefore, the court grants defendant Winnebago's motion to strike with respect to these statements.

■ Paragraph 3 also includes an out of court statement, Sanft's asking other Class "C" KEYSOP participants to consider joining him as a class representative. However, the court does not view this statement as being offered to prove the truth of the matter asserted and therefore does not constitute hearsay. Fed.R.Evid. 801(c). Rather, this

---

1. Paragraphs 1, 5, and 7 do not include any out of court statements. Therefore, the court denies defendant Winnebago's motion to strike with respect to these paragraphs.

statement, merely serves as background for events that subsequently transpired. However, the out of court statement contained paragraph 4 regarding the current employment status of a Class "C" participant, is being used to prove the truth of the matter asserted, that the individual is employed by Winnebago. This statement clearly does not fall within Rule 803(3) and plaintiffs have not offered any other basis for its admissibility. Therefore, the court grants defendant Winnebago's motion to strike with respect to this statement. The court turns next to consideration of plaintiffs' Motion For Amendment Of Order Denying Class Certification.

### B. Motion For Amendment Of Order Denying Class Certification

### 1. Reconsideration of class certification decision

 In their motion, plaintiffs contend that the court should reconsider its decision regarding the certification of a class in this case. A district court may reconsider its order denying class certification and the court has broad discretion with respect to such a ruling. *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1380 (11th Cir.), *cert. denied*, 525 U.S. 1019, 119 S.Ct. 545, 142 L.Ed.2d 453 (1998); *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 388 (5th Cir.1989); *Kamerman v. Steinberg*, 123 F.R.D. 66, 69 (S.D.N.Y.1988). Here, plaintiffs assert that the court erred in concluded that the numerosity had not been met. Plaintiffs specifically argue that the court erred in concluding that there was insufficient evidence to support plaintiffs' assertion that class members would not join the litigation because they were still employed by Winnebago and feared retribution if they joined the lawsuit. Plaintiffs assert that the court should take judicial notice of the fact that employees are fearful of suing their employer. The court is unaware of any federal appellate decision mandating that the court take judicial notice of such a fact and the court's own research has not disclosed any authorities requiring such a presumption. Moreover, even if such a general presumption existed, the court has serious reservations that such a presumption would apply when the employees in question include executives occupying the highest positions within the company.

 In an effort to buttress their position, plaintiffs have produced the affidavit of their counsel, Donald G. Thompson, in which he relates being told by two unnamed class members that they were unwilling to join the lawsuit due to their continued employment with Winnebago. Thompson Aff. at ¶¶ 2 and 6. Given the total absence of information regarding these two unnamed and otherwise unidentified class members, the court is unwilling to draw the conclusion that these two unnamed class members's motives for not joining this lawsuit are representative of the other class members. Moreover, the court is unwilling to infer from the enigmatic reason given for their decision not to join this lawsuit that they are fearful of workplace reprisals. Plaintiffs have produced no direct evidence that class members are fearful of workplace reprisals. Fear of reprisal is but one of many reasons why potential class members might chose not to be a party to this lawsuit. For instance, the employees might believe that given their demanding positions within the company, the lawsuit would be a distraction or require too much of their time. In addition, as defendant Winnebago points out in its response, of the 27 potential litigants currently employed by Winnebago, all 27 are salaried employees and 20 of the 27 are either corporate officers or members of management. As a result, as the court observed in its original decision, because the class members themselves occupy positions of authority within the company, they are quite unlike the plaintiffs in those cases where the courts have considered potential class members' concern regarding employer retaliation or reprisal in accessing whether the numerosity requirement has been met. *See Arkansas Educ. Ass'n v. Board of Educ. of Portland, Arkansas School Dist.*, 446 F.2d 763, 765 (8th Cir.1971) (public school teachers); *see also Mullen v. Treasure Chest Casino, L.L.C.*, 186 F.3d 620, 625 (5th Cir.1999) (casino employees); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 267 (D.Conn.2002) (engineers); *O'Brien v. Encotech Const. Servs., Inc.*, 203 F.R.D. 346, 350 (N.D.Ill.2001) (construction company employ-

ees); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 85 (S.D.N.Y.2001) ("unskilled workers" assigned by labor agents to supermarkets and drugstore chains); *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 89 (E.D.N.Y.1989) (administrative assistants); *Slanina v. William Penn Parking Corp.*, 106 F.R.D. 419, 423 (W.D.Pa.1984) (parking lot cashiers). Thus, the court continues to conclude that the fact that some potential class members remain employed at Winnebago only nominally supports a finding that the numerosity requirement has been satisfied and is insufficient to require the court to reverse its previous decision that plaintiffs have failed to demonstrate that the proposed class meets the numerosity requirement of Federal Rule of Evidence 23(a)(1). Therefore, the court denies that portion of plaintiffs' motion.

### 2. Alternative requests

Plaintiffs alternatively request that the court: (1) require defendant Winnebago to provide plaintiff's counsel with a current list of names and addresses of putative class members; (2) direct plaintiffs to give notice as of a date certain to the absent class members; (3) provide that the denial order shall not be effective until ninety days from the date the court establishes for giving notice to the putative class members, and (4) provide that the deadline for joinder of additional parties be extended to the date that is ninety days from the date the court establishes for the giving of notice to the absent class members. Plaintiffs request this relief to protect the rights of the putative class members from the running of the statute of limitations on their claims. Defendant Winnebago also resists this portion of plaintiffs' motion. Defendant Winnebago argues that the court should exercise its discretion and deny plaintiffs' requests because plaintiffs have not made a showing of special circumstances that would warrant the giving of notice to the putative class members.

Federal Rule of Civil Procedure 23(d)(2) authorizes a court, in the conduct of class action litigation, to issue orders "requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action..." FED. R. CIV. P. 23(d)(2). Courts have required notice pursuant to Rule 23(d)(2) where the facts of the case show that lack of notice would unduly prejudice the ability of absent class members to bring independent actions on their claims, either by limiting the right of absent class members to recover in a subsequent suit, or by encouraging continued reliance by unnamed class members on the activity of named class members on their behalf. *See Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir. 1978); *Miller v. Central Chinchilla Group, Inc.*, 66 F.R.D. 411, 417 (S.D.Iowa 1975). Here, as a practical matter, the circumstances of this case pose a significant risk of prejudice to putative class members who do not receive notice of this order. This suit has been pending for almost two years. If the putative class members do not receive notice of this order they may permit the statute of limitation to run on their claims. The court is therefore of the opinion that notice of this order should be given to putative class members.

Pursuant to Rule 23(d)(2), the court directs that within **fifteen (15) days** of the date of this order defendant Winnebago is to provide to plaintiffs' counsel a current list of names and addresses of putative class members. Plaintiffs' counsel shall cause the notice attached to this order to be mailed by first class mail to all the putative class members on or before **September 15, 2003**. The costs of mailing this notice shall be borne initially by the plaintiffs but shall be taxed as costs of this action. The court further orders that the deadline for joinder of additional parties shall be extended to **October 15, 2003**. The order denying class action status in this case shall become effective on **October 15, 2003**.

### III. CONCLUSION

Initially, for the reasons outlined above, the court **grants in part and denies in part**

defendant Winnebago's Motion To Strike Affidavit Of Donald Thompson. The court further concludes that plaintiffs have failed to demonstrate that the proposed class meets the numerosity requirement of Rule 23(a)(1). Thus, the court denies plaintiffs' request that the court reverse its decision regarding the certification of a class in this case. The court, however, directs that within **fifteen (15) days** of the date of this order defendant Winnebago is to provide to plaintiffs' counsel a current list of names and addresses of putative class members. Plaintiffs' counsel shall cause the notice attached to this order to be mailed by first class mail to all the putative class members on or before **September 15, 2003.** The costs of mailing this notice shall be borne initially by the plaintiffs but shall be taxed as costs of this action. The court further orders that the deadline for joinder of additional parties shall be extended to **October 15, 2003.** The order denying class action status in this case shall become effective on **October 15, 2003.** Therefore, plaintiffs' Motion for Amendment of Order Denying Class Certification is **granted in part and denied in part.**

**IT IS SO ORDERED.**

ATTACHMENT

*NOTICE*

**YOU ARE ADVISED TO SEEK LEGAL ADVICE IMMEDIATELY CONCERNING THIS NOTICE**

*Thomas Sanft and Edward Luppen v. Winnebago Industries, Inc. et al.*

United States District Court For The Northern District Of Iowa

Case No. C01–3067MWB

TO: ⸻

DATE: ⸻

The above-captioned lawsuit is pending in the United States District Court for the Northern District of Iowa, Case No. C01–3067MWB. The case involves claims by former Winnebago employees, Thomas Sanft and Edward Luppen ("the Plaintiffs"), against Winnebago Industries, Inc., the Winnebago Deferred Compensation Plan, the Winnebago Deferred Incentive Formula Bonus Plan and the Winnebago Deferred Compensation and Deferred Bonus Plan Trust ("the Winnebago Defendants").

Plaintiffs allege that certain amendments to the Winnebago Deferred Compensation Plan and/or the Winnebago Deferred Incentive Formula Bonus Plan ("the Plans") were illegal and that these illegal amendments had the effect of reducing the amount of benefits to be paid to some of the participants in the Plans. You are receiving this Notice because it is believed you are a participant in one or both of the Plans, or were formerly a participant in one or both of the Plans, and your benefits were affected by the amendments to the Plans. You may have claims against the Winnebago Defendants similar to the claims made by Mr. Sanft and Mr. Luppen.

On July 28, 2003, the presiding judge in the case, the Honorable Mark W. Bennett, issued a ruling denying the Plaintiffs' motion to certify this case as a class action. **As a result, your right to assert claims may be lost if you do not take action to join this lawsuit before October 15, 2003.**

Thomas Sanft and Edward Luppen are represented by lawyers from the Cedar Rapids law firm of Bradley & Riley P.C. If you have questions about this Notice you may contact them directly:

Donald G. Thompson
William T. McCartan
Paul D. Burns
Kevin C. Papp

Bradley & Riley P.C.
2007 First Ave. SE
Cedar Rapids, IA 52246
(319)363–0101
(319)363–9824
*www.bradleyriley.com*

**YOU ARE ADVISED TO SEEK LEGAL ADVICE IMMEDIATELY CONCERNING THIS NOTICE**